IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOHN M. URBANOWICZ,

        Plaintiff,

v.          Case No.

CITY OF EUREKA, MISSOURI,         <u>JURY DEMAND INCLUDED</u>

        Defendant.

<u>**CIVIL COMPLAINT**</u>
<u>**FOR**</u>
<u>**DEPRIVATION OF CONSTITUTIONAL RIGHTS**</u>

COMES NOW John M. Urbanowicz, (hereinafter, "PLAINTIFF"), and, for his cause of action against the City of Eureka, Missouri, (hereinafter, "DEFENDANT"), for deprivation of civil rights secured by the Constitution of the United States, and federal law, states the following:

1. This Court has original jurisdiction of this matter pursuant to 28 U.S. Code, section 1343(a) because the DEFENDANT has engaged in activity, under the color of law, which has deprived PLAINTIFF of several rights secured by the Constitution of the United States.

2. This action is being brought pursuant to 42 U.S. Code, section 1983 and

involves questions of constitutional and/or federal law.

3. On January 22, 2021, PLAINTIFF was going door to door in Eureka, Missouri attempting to sell his employer's services to members of the public.

4. On January 22, 2021, PLAINTIFF had just successfully concluded a sale of services to residents of a home located in Eureka, Missouri when PLAINTIFF was confronted outside that residence by a Eureka police officer.

5. The residents of that home asked the police officer why he was confronting PLAINTIFF who had their permission to visit inside their home.

6. The police officer told the residents not to interfere with police business.

7. In the presence of the aforesaid residents, the police officer issued PLAINTIFF a citation for unlawfully soliciting without a permit in violation of section 15-16 of the Eureka Municipal code.

8. By citing PLAINTIFF for soliciting without a permit, the duly appointed police officer was acting under the color of the municipal law of DFENDANT.

9. Under Chapter 12, Article I, section 12-1(a), of its municipal code, DEFENDANT defines peddler to include:

> "… any person who shall deal in the sale of goods, wares,

    merchandise, or services by outcry or by going about from place to place, house to house, door to door, on foot or by conveyance… to offer to sell such goods, wares, merchandise or services."

10. Chapter 12, Article I, section 12-1(b) lists three exceptions to the general prohibition against peddling, none of which apply to PLAINTIFF's activities on January 22, 2021.

11. PLAINTIFF'S activities on January 22, 2021, qualify him as a peddler within the definition found in DEFENDANT's municipal code.

12. PLAINTIFF had no permit to solicit in Eureka on January 22, 2021.

13. According to DEFENDNAT's municipal code, PLAINTIFF's activities on January 22, 2021, were unlawful.

14. DEFENDANT's municipal code contains has no process, or procedure, by which peddlers may obtain a permit to solicit door to door.

15. DEFENDANT's general prohibition against peddling, and the absence of any permitting process for door to door solicitation, act to effectively prohibit PLAINTIFF from exercising his First Amendment Right to free expression.

16. DEFENDANT's general prohibition against peddling, and the absence of any

permitting process for door to door solicitation, act to effectively deny PLAINTIFF his Fourteenth Amendment rights of due process and equal protection under the law.

17. As a direct and proximate result of DEFENDANT'S denial of PLAINTIFF's constitutional rights, as aforesaid, PLAINTIFF has suffered economic damages, including but not limited to, lost revenues, in the approximate amount of $60,000.00.

18. As a direct and proximate result of DEFENDANT's denial of PLAINTIFF's constitutional rights, as aforesaid, and as a result of DEFENDANT citing PLAINTIFF for criminal conduct before members of the public, PLAINTIFF has suffered mental anguish, personal humiliation and embarrassment.

19. DEFENDANT's implementation and enforcement of these laws, and the public citation of PLAINTIFF for exercising his constitutional rights, were done intentionally and maliciously.

   WHEREFORE, PLAINTIFF prays this Court to:

a. Declare that DEFENDANT's municipal code section 15-16 is unconstitutional as violating PLAINTIFF's First and Fourteenth Amendment rights;

b.  Declare that DEFENDANT's municipal code Chapter 12, Article I, and its Subsections, is unconstitutional as violating PALINTIFF's First and Fourteenth Amendment rights;

c.  Enter a judgment in favor of PLAINTIFF, and against DEFENDANT, for:

   a.  Compensatory damages for lost revenues in the amount of $60,000.00;

   b.  Damages for mental anguish, personal humiliation and embarrassment in an amount not less than $25,000.00; and,

   c.  For reasonable attorneys' fees and court costs incurred herein.

d.  And for such other and further relief as the Court deems just and proper in the premises.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.**

A&L, Licker Law Firm
/s/ Nicholas G. Higgins
Nicholas G. Higgins, 29406
Attorney for Plaintiff
108 Explorer Dr.
Union, MO 63084
Fax: 636-916-5402
314-610-4009
Nick@lickerlawfirm.com